**Jeffrey C. Brinkerhoff**
**Wyoming State Bar No. 5-2276**
**Gifford & Brinkerhoff**
**A Partnership of Professional Corporations**
**243 South Park Street**
**P.O. Box 2508**
**Casper, Wyoming 82602**
**307-265-3265 \ 307-265-3266 fax**
**jeff@giffordbrinkerhoff.com**

**David A. Baugh (Admitted *Pro Hac Vice)***
**Illinois State Bar No. 6182391**
**Baugh, Dalton, Carlson & Ryan, LLC**
**55 W. Monroe Street, Suite 600**
**Chicago, Illinois 60603**
**312-759-1400 \ 312-759-0402 fax**
**dbaugh@baughdaltonlaw.com**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **THE MARTHA W. GIBBS REVOCABLE TRUST, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No. 10 CV 0120D** |
| **v.** | ) | |
| **DENNIS R. LAWRENCE, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW OF DEFENDANT DENNIS R. LAWRENCE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS


Table of Contents .. ii

Table of Authorities ii-iv

Memorandum in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint 1

I. Introduction 1

II. Factual Background 2

III. Standard of Review 3

IV. Argument 3

A. Plaintiffs Lack Standing to Assert Claims for the 2006 Purchases of Striker Debentures 3

B. Plaintiffs Have Failed to State a Claim for Violation of 15 U.S.C. § 785 or C.F.R. § 240.10(b)-5 as Plaintiffs Have Failed to Plead Scienter or Plead Their Allegations With the Requisite Specificity 3

C. Plaintiffs Have Failed to State a Claim Pursuant to 15 U.S.C. § 771(a)(2) 6

1. Plaintiffs' Claims Are Time-Barred Pursuant to 15 U.S.C. § 77m 6

2. Plaintiffs Have Failed to Plead all of the Requisite Elements of a Claim Pursuant to 15 USC § 77L(a)(2) 7

D. Plaintiffs Have Failed to State a Claim Under the Wyoming Securities Act 10

E. Plaintiffs Have Failed to State a Claim for Fraud Pursuant to Federal Rule 9(b) as Plaintiffs Have Failed to Plead Fraud with Particularity 11

F. Plaintiffs Claims for Professional Negligence, Negligence and Breach of Fiduciary Duty With Respect To The 2006 Investments Are Time-Barred 12

G. Plaintiffs Have Failed To Plead A Claim For Negligence Against Lawrence 13

Conclusion 14

Certificate of Service 15

**TABLE OF AUTHORITIES**

CASES CITED

*Ambrosino v. Rodman & Ronshaw, Inc.*, 635 F.Supp 968 (N.D.Ill. 1986)....................................8

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) ....................................................3

*Birt v. Wells Fargo Home Mortgage, Inc.*, 75 P. 3d 640 (Wy S. Ct. 2003)...............................11, 13

*Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975) ...............................................5

*Davidson v. Wilson*, 973 F. 2d 1391, N.8 (8th Cir. 1992)...........................................................8

*Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1967).....................................................................6

*Gustafson v. Alloyd Co., Inc.*, 513 US 561 (1995).......................................................................9

*In re Lehman Brothers Mortgage – Backed Securities*, 684 F.Supp.2d 485 (S.D.N.Y. 2010)....4

*Koch v. Koch Industries, Inc.*, 203 F. 3d 1202 (10th Cir. 2000)..................................................11

*Perry v. Robinson & Investors Planning, Inc.*, 99 F. 3d 1150 (10th Cir. 1996) ..........................9

*Phillips v. Bell*, 2010 WL 517629 (10th Cir. Colo.) ....................................................................3

*Pinter v. Dahl*, 486 U.S. 622 (1988) ...........................................................................................9

*Robbins v. Oklahoma*, 519 F. 3d 1242 (10th Cir. 2008) .............................................................3

*Southland Securities Corporation v. Inspire Insurance Solutions*, 365 F. 3d 353 (5th Cir. 2004) ..........................................................................................................................................7

*Stoneridge Investment Partners, LLC. v. Scientific-Atlanta*, Inc., 552 U.S. 148 (2008).............5

*Telelabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) .........................................6

*Unity House, Inc. v. North Pacific Investments, Inc.*, 918 F. Supp. 1384 (D. Ct. Hi 1996).........5

*Warth v. Selden*, 422 U.S. 490, 499 (1975) .................................................................................4

STATUTES

15 U.S.C. § 771(a)(2)........................................................................................................1, 6, 7

15 U.S.C. § 77m...............................................................................................................6

15 U.S.C. § 78j(b)...........................................................................................................1, 3, 4, 5

WS § 17-4-107................................................................................................................1, 8, 9

WS § 17-4-113(a)(ii)........................................................................................................1, 8, 9

WS § 17-4-122(a)(ii)........................................................................................................1, 8, 9

RULES

Fed. R. Civ. P. 8(a) .......................................................................................................1, 13

Fed. R. Civ. P. 9(b) .......................................................................................................1, 10

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 2

17 C.F.R. § 240.10(b)-5 .................................................................................................1, 3, 4, 5

Defendant Dennis R. Lawrence ("Lawrence"), by and through his counsel, respectfully submits this memorandum of law in support of his Motion to Dismiss Plaintiffs' First Amended Complaint ("Complaint"). As more fully set forth below, and, in accordance with the Order dated March 25, 2010 (Docket No. 33) and Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") Defendant Dennis Lawrence ("Lawrence") respectfully moves this court to dismiss Plaintiffs' Complaint in its entirety as these Plaintiffs have failed to state a claim upon which relief may be granted. The Complaint fails to plead any facts sufficient to state a claim pursuant to Rules 8(a), 9(b) and 12(b)(6). In support thereof Lawrence states as follows:

## I. INTRODUCTION

Plaintiffs, the Martha W. Gibbs Revocable Trust ("the Gibbs Trust"), Susan Gibbs, Scott M. Gibbs, and James W. Gibbs, Trustees; and Alida D. Talmage Trust ("the Talmage Trust"), FBO Martha Gibbs, Susan Gibbs, and James W. Gibbs, Trustees (collectively referred to herein as "Plaintiffs"), filed their Complaint on June 16, 2010. Plaintiffs allege the following causes of action against Defendant Dennis Lawrence: Count I) Violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10(b)-5; Count III) Violation of 15 U.S.C. § 77l(a)(2); Count V) Violation of the Wyoming Securities Act, including Sections WS § 17-4-107, WS § 17-4-113(a)(ii) and WS § 17-4-122(a)(ii); Count VIII) Professional Negligence; Count IX) Breach of Fiduciary Duty; Count XI) Fraud; Count XII) Civil Conspiracy; and Count XIII) Negligence.

Lawrence files this Motion to Dismiss based upon Plaintiffs' failure to adequately allege the elements necessary to state a claim upon which relief can be granted against Lawrence with respect to Counts I, III, V, VIII, IX, XI, XII and XIII. For the reasons set forth below Lawrence

respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice, and for such other and further relief as this Court deems reasonable and just.[1]

## II. FACTUAL BACKGROUND

Plaintiffs allege that in 2006 Lawrence, together with Randall Pope, caused the Talmage Trust to take $492,000 and invest it into an entity called Indian Plains, LLC, a Wyoming limited liability company. (Complaint, ¶¶ 4, 44). Indian Plains, LLC is not a plaintiff or a defendant in this action. Plaintiffs allege that Indian Plains purchased Striker B Debentures through private placement memoranda (Complaint, ¶ 4).[2] Plaintiffs allege that John S. Gibbs signed the subscription agreement for the Striker B Debentures on behalf of Indian Plains. (Complaint, ¶ 4). John S. Gibbs is not an individual Plaintiff, nor is it alleged that he is a trustee of the Gibbs Trust. (Complaint ¶ 4). Plaintiffs then allege that in 2008, the Gibbs Trust purchased $135,000 in Striker B Debentures and $135,000 of preferred stock in Shale Royalties 12, Inc. (Complaint ¶ 46).[3] Plaintiffs allege that the features and risk of the investments were misrepresented both in oral statements to Plaintiffs as well as in the private placement memoranda that were provided to Plaintiffs. (Complaint ¶¶ 36, 49, 50, 51, 55, and 56). Plaintiffs allege that based upon these misrepresentations, Lawrence is liable for any damages resulting from the investment losses Plaintiffs have suffered on these investments (Complaint ¶¶ 116, 127, 137, 141, 145, 173, 179, 188, 198 and 202). Accepting all of the alleged facts as true, the Complaint fails to state a valid cause of action against Lawrence for losses stemming from the investments listed in the

---

[1] Lawrence incorporates and adopts all relevant and applicable arguments and legal support set forth in Lawrence's Motion to Dismiss and Memorandum in Support of His Motion to Dismiss in Case No. 10 CV 0034-D, *Miles, et al. v. Lawrence, et al*., also before this Court.

[2] For clarity, Lawrence will refer to the 2006 Striker B Debentures purchased by Indian Plains, LLC as the "2006 investments."

[3] For clarity, Lawrence will refer to the 2008 Striker B Debentures and Provident SR-12 Preferred Stock investments purchased by the Gibbs Trust as the "2008 investments."

Complaint. First, the Talmage Trust lacks standing to bring claims for any losses stemming from Indian Plains, LLC's investments into Striker Debentures in 2006. Additionally, Plaintiffs' Complaint groups Defendants together and fails to delineate which Defendant made certain representations to Plaintiffs. Plaintiffs have also failed to allege that Lawrence acted with any intent to deceive or with the requisite scienter Plaintiffs relating to the investments listed in the Complaint. Plaintiffs have failed to plead the allegations of securities and common law fraud with particularity and have also failed to describe the actions of Defendants to provide fair notice of the alleged fraud. Finally, certain of Plaintiffs' claims are barred by the statute of limitations and fail to set forth claims upon which any relief may be granted.

## III. STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of a Complaint for "failure to state a claim upon which relief can be granted." Fed. Rule Civ. P. 12(b)(6). Pursuant to *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must allege, "more than labels and conclusions, and formulate the elements of a cause of action…" The alleged facts must "raise a right to relief above the speculative level." *Id.* The Tenth Circuit has embraced and interpreted the standard set forth in *Twombly*:

> Following *Twombly*, we determined that 'plausability,' as used by the Supreme Court referred to the scope of allegations in a complaint, and 'if they are so general that they encompass a wide swath of conduct, and much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible.'

*Phillips v. Bell*, 2010 WL 517629 (10th Cir. Colo.) citing *Robbins v. Oklahoma*, 519 F. 3d 1242, 1246 (10th Cir. 2008). For the reasons set forth below, Plaintiffs' Complaint does not allege any clear set of plausible facts upon which relief can be granted, or any reasonably cognizable claim

against Lawrence and, therefore, Lawrence requests that the Complaint be dismissed with prejudice.

## IV. ARGUMENT

### A. PLAINTIFFS LACK STANDING TO BRING CLAIMS FOR THE 2006 PURCHASE OF THE STRIKER INVESTMENTS

Plaintiffs do not have standing to assert claims for losses stemming from Indian Plains, LLC's investment into the Striker Debentures in 2006. Indian Plains, LLC is a legal entity separate and apart from the Talmage Trust. The Talmage Trust cannot use another entity's legal right to bring a claim against Defendants:

> Article III of the Constitution requires a plaintiff to have standing before the plaintiff may maintain a lawsuit. The standing inquiry has three elements: a plaintiff must allege [1] personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief.

*In re Lehman Brothers Mortgage-Backed Securities Litigation*, 684 F. Supp. 2d 485, 490 (S.D.N.Y. 2010). "Even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Selden*, 422 U.S. 490, 499 (1975).

Plaintiffs' Complaint alleges that the actual purchaser of the 2006 Striker investments was Indian Plains, LLC. (Complaint, ¶ 4). Plaintiffs do not allege that they have any right to bring a claim on behalf of the LLC and Indian Plains, LLC is not a Plaintiff in this matter. Additionally, Plaintiffs admit that John Gibbs, who is not named as a Plaintiff, completed the subscription agreement for the Striker investment on behalf of the LLC (Complaint, ¶ 61). All of Plaintiffs' claims are based upon the Defendants' alleged fraudulent sale of the 2006 Striker Investments, yet it is clear from the Complaint that Indian Plains, LLC was the actual purchaser

of the 2006 investments. Accordingly, Plaintiffs do not have any legal right to any relief which would stem from a claim for the fraudulent sale of these investments, as Plaintiffs do not have a legal right to the funds recovered from the Defendants. Instead, Indian Plains, LLC is the rightful owner to any claim relating to the sale of the 2006 Striker investments. Therefore, Plaintiffs lack standing to assert any claims stemming from any losses. Accordingly, Lawrence respectfully requests that this Court dismiss the Talmage Trust's claims relating to the purchase of 2006 Investments with prejudice.

### B. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR VIOLATION OF 15 USC § 78j OR 17 C.F.R. 240.10(b)-5 AS PLAINTIFFS HAVE FAILED TO PLEAD SCIENTER OR PLEAD THEIR ALLEGATIONS WITH THE REQUISITE SPECIFICITY

Plaintiffs have failed to establish the elements necessary to adequately plead a claim for securities fraud against Dennis Lawrence. The elements necessary in a private 10(b)-5 action are (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008).

First, Plaintiffs have failed to allege that the Talmage Trust purchased any of the securities at issue. (Complaint, ¶¶ 4, 61-62). "Only a purchaser or seller of securities has standing to bring an action under Section 10(b) and Rule 10b-5." *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 749, 95 S. Ct. 1917 (1975). Plaintiffs instead allege that the Talmage Trust made an investment into Indian Plains, LLC, which consisted of members other than the Talmage Trust itself, and that the LLC made investments into Striker. (Complaint, ¶4). Accordingly, as set forth above, Indian Plains, LLC's investment into the Striker investments does not confer standing upon the Talmage Trust to bring any claims against Lawrence. See

*Unity House, Inc. v. North Pacific Investments, Inc.*, 918 F. Supp. 1384, 1389 (D. Ct. Hawaii 1996); (Court found customer did not have standing to sue under Section 10(b) or Rule 10b-5 for money that had been fraudulently converted from customer and used to purchased securities.); Accordingly, the Talmage Trust's claims pursuant to Section 10(b) and Rule 10b-5 with regard to the 2006 Striker investments should be dismissed.

Additionally, to state a claim for securities fraud under Section 10(b) of the Securities Exchange Act and SEC Rule 10(b)-5, the Private Securities Litigation Reform Act ("PSLRA") requires that a plaintiff must plead a strong inference of scienter. *Telelabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2504-2505(2007). Scienter has been defined by the courts to mean, "a mental state embracing intent to deceive, manipulate or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S. Ct. 1375, 1381(1976).

Plaintiffs have not alleged any facts which state that Dennis Lawrence acted with the requisite scienter to adequately plead securities fraud against Lawrence. Accordingly, Plaintiffs have failed to plead the requisite scienter by Lawrence to establish a claim under Section 10(b) or Rule 10b-5. For example, in Paragraph 51 of the Complaint, Plaintiffs allege that Lawrence set up a call between Susan Gibbs, Randy Pope and Steve Holmes. Plaintiffs allege that Holmes and Pope made several misrepresentations relating to the Striker Debentures. Without any factual basis, Plaintiffs then attribute these statements to Lawrence to form the basis of a claim pursuant to Rule 10b-(5) against Lawrence. This allegation fails both to identify any scienter by Lawrence, and additionally does not contain the requisite specificity of the misrepresentations made by Lawrence to establish a claim for securities fraud pursuant to Rule 10(b)-5. Such allegations are not enough to plead a cause of action pursuant to 15 USC § 78j or 17 C.F.R. 240.10(b)-5 against Lawrence.

Further, "the PSLRA requires plaintiffs to distinguish among those they sue and enlighten each defendant as to his or her particular part in the alleged fraud." *Southland Securities Corporation v. Inspire Insurance Solutions*, 365 F. 3d 353, 365 (5th Cir. 2004). Plaintiffs, instead, group Defendants' alleged misrepresentations and participation together. For example, in Paragraph 107 of the Complaint, Plaintiffs allege that, "Lawrence, Pope, Personal Money Management, CapWest, Direct Capital, Holmes and Hancock employed one or more devices, schemes, and artifices to the Trust…" Plaintiffs then attribute a number of representations to Lawrence that were not pled in the foregoing factual background of the Complaint. (Complaint, ¶ 107). Additionally, Plaintiffs do not make a single allegation relating to the 2008 investments that is attributable specifically to Lawrence. Such allegations are insufficient to put Lawrence on notice of the claims against him and do not plead the requisite level of scienter of Lawrence. As such, the Complaint fails to state a valid cause of action pursuant to Rule 10(b) and Rule 10(b)-5 and Plaintiffs' claim for violation of Section 10(b) or Rule 10(b)-5 should be dismissed.

**C. PLAINTIFFS HAVE FAILED TO STATE A CLAIM PURSUANT TO 15 USC § 77l(a)(2)**

**1. Plaintiffs' Claims Are Time-Barred Pursuant to 15 U.S.C. § 77m**

Plaintiffs' claims pursuant to 15 U.S.C. § 77l(a)(2) are also time-barred. Pursuant to 15 U.S.C. § 77m, "no action shall be maintained to enforce liability created under . . . 77l(a)(2) of this title unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence. . . or more than three years after the sale." Count III of Plaintiff's Complaint only pertains to the securities purchased by the Gibbs Trust in 2008. These securities were purchased by Plaintiffs more than one year before Plaintiffs filed this action. (Complaint, ¶¶ 61-62). Plaintiffs have

failed to plead any facts which allege that Plaintiffs were unable to discover the alleged misrepresentations within one year of purchase of the securities. In fact, Plaintiffs allege that in January 2009, well over a year before Plaintiffs filed their Complaint, the monthly payments from the 2008 investments ceased. (Complaint, ¶124). Therefore, Plaintiffs have pled affirmative facts which put them on notice of their potential claims more than a year before the Complaint was filed.

"Section 77m has been consistently interpreted as being substantive rather than procedural in that compliance with the limitations section is an essential element of the private cause of action under § 12(2). As a result, Plaintiffs must plead facts to establish conformity with this section." *Abrosino v. Rodman & Renshaw, Inc.* 635 F. Supp. 968, 972 (N.D. Ill. 1986). "In order to properly allege a claim under § 12(2), the complaint must set forth the time and circumstances of the discovery of the fraudulent statements, the reason why discovery was not made earlier if more than one year has elapsed since the fraudulent conduct occurred, and the diligent efforts which plaintiff undertook in making or seeking such discovery." *Davidson v. Wilson*, 973 F. 2d 1391, N. 8 (8th Cir. 1992) citing *Hill v. Der*, 521 F. Supp. 1370, 1389 (D. Del. 1981). Plaintiffs' Complaint contains no such allegations tolling the statute of limitations. In fact, Plaintiffs instead, plead that they were on notice more than a year before filing this suit. Accordingly, Plaintiffs' claims should be dismissed pursuant to 15 U.S.C. § 77m.

**2. Plaintiffs Have Failed to Plead all of the Requisite Elements of a Claim Pursuant to 15 USC § 77l(a)(2)**

Plaintiffs cannot plead a claim for violation 15 USC § 77l(a)(2). Section 771(a)(2) is the remedy for violation of Section 12(2) of the Securities Act of 1933. Section 12(2) of the Securities Act of 1993 permits a private right of action against 1) anyone who offers or sells a security; 2) through interstate commerce; 3) by use of a prospectus or oral communication

relating to the prospectus; and 4) which contains an omission or false or misleading statement of material fact. 15 U.S.C. § 77l(a)(2). Plaintiffs have not adequately plead a claim against Lawrence under Section 77l(a)(2).

First, Plaintiffs have not alleged that Lawrence was the seller of the securities at issue, or that Lawrence promoted the securities for his own financial gain. "Congress did not intend to impose Section 12 liability on a person who urges the purchase but whose motivation is solely for the benefit of the buyer." *Pinter v. Dahl*, 486 U.S. 622, 647 (1988). Plaintiffs have failed to allege that Lawrence was the seller of the securities at issue in the Complaint but instead allege that Lawrence referred Plaintiffs to Randall Pope and the other Defendants. In fact, Plaintiffs affirmatively allege that Pope acted as the registered representative on the sale of the 2006 investments. (Complaint, ¶ 61). Finally, Plaintiffs have not alleged any facts which establish that Lawrence received any financial gain for any representations he did make relating to Plaintiffs' purchase of securities. As Plaintiffs have failed to plead all the essential elements of a claim pursuant to Section 77l(a)(2), Count III, as against Lawrence, should be dismissed.

Second, Plaintiffs cannot maintain any claim pursuant to 15 U.S.C. § 77l( a)(2), as the 2008 Investments purchased by the Gibbs Trust were private securities and were sold pursuant to exemptions under the 1933 Act through private placement memoranda. (Complaint, ¶¶ 52, 57, 61, 72 and 73). Only those written prospectuses, "related to public offerings by an issuer or its controlling shareholders," and oral communications regarding the same, satisfy Section 12(2). *Gustafson v. Alloyd Co., Inc*., 513 US 561, 569-571 (1995). This holding was adopted by the Tenth Circuit Court of Appeals in *Perry v. Robinson & Investors Planning, Inc.*, 99 F. 3d 1150, *1 (10th Cir. 1996), "With regard to this claim [under Section 12(2)] the Supreme Court has recently clarified that, because actions under § 12(2) lie only when sellers of securities have

made material misstatements or omissions 'by means of a prospectus,' such actions are limited to fraud in the sale of securities sold through public offerings." Plaintiffs do not make any allegation that any of the securities were public offerings and in fact, admit that all securities at issue were sold by private placement memoranda. Accordingly, Count III of the Complaint should be dismissed.

**D. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE WYOMING SECURITIES ACT**

In Count V of the Complaint, Plaintiffs have alleged that Lawrence violated Sections 17-4-107, 17-4-113(a)(ii) and 17-4-122(a) of the Wyoming Securities Act with respect to the 2008 Investments purchased by the Gibbs Trust. (Complaint, ¶ 132). Plaintiffs allege that under the Wyoming Securities Act, Lawrence should be held liable for the sale of unregistered securities, for the sale of securities by an unregistered agent and for fraud in connection with the sale of securities.

First, pursuant to Section 17-4-107, Plaintiffs have failed to plead any facts which establish that the securities purchased by Plaintiffs were not exempt from registration under the 1933 Act and were sold in violation of Section 17-4-107.

Second, Plaintiffs have failed to allege in their Complaint that Lawrence actually sold these investments. In Count V, Plaintiffs blanketly allege that Lawrence, Pope, Personal Money Management, and Cap West offered and sold the 2008 Investments to Plaintiffs (Complaint, ¶134). This statement is without any factual allegations to support such a conclusion and is insufficient to state a claim under the Wyoming Securities Act for violation of WS § 17-4-107, WS § 17-4-113(a)(ii) or WS § 17-4-122(a)(ii).

Finally, Section WS § 17-4-122(a)(ii) is the Wyoming state law equivalent to a claim under Section 10(b) of the Securities Exchange Act or a Rule 10b-5 claim. WS § 17-4-122(a)(ii) states that any person who:

> Offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading (the buyer not knowing of the untruth or omission), and who does not sustain the burden of proof that he did not know, and in the exercise of reasonable care could not have known, of the untruth or omission, is liable to the person buying the security from him . . .

As stated above, Plaintiffs have failed to plead an intent to deceive by Lawrence. Accordingly, Plaintiffs' claims under the Wyoming Securities Act against Lawrence for the investments identified in Paragraph 132 of the Complaint should be dismissed.

**E. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR FRAUD PURSUANT TO FEDERAL RULE 9(B) AS PLAINTIFFS HAVE FAILED TO PLEAD FRAUD WITH PARTICULARITY**

Plaintiffs have failed to adequately state a claim for fraud, pursuant to the Federal Rules of Civil Procedure Rule 9(b). Rule 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FRCP 9(b). The Tenth Circuit requires, "a complaint alleging fraud to set forth the time, place and contents of the false misrepresentation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F. 3d 1202, 1236 (10th Cir. 2000).

The elements of fraud are: 1) the defendant made a false representation intended to induce action by the plaintiff; 2) the plaintiff reasonably believed the representation to be true; and 3) the plaintiff relied on the false representation and suffered damages. *Birt v. Wells Fargo Home Mortgage, Inc.*, 75 P. 3d 640, 656 (Wy. S. Ct. 2003).

As stated above, Plaintiffs have failed to state the alleged misrepresentations of Lawrence with particularity. In several paragraphs of the Complaint, instead of listing Lawrence's misrepresentations, Plaintiffs simply allege that Lawrence participated in statements of other Defendants, and that Plaintiffs relied upon these statements. (Complaint, ¶¶ 5-6, 56 amd 186-188). Plaintiffs have impermissibly lumped Lawrence's actions and alleged misrepresentations in with those of Pope and Holmes and have failed to identify what fraudulent misrepresentation, if any, Lawrence made with respect to the securities at issue. Accordingly, Plaintiffs have failed to adequately plead a claim of fraud and Count XIII of the Complaint against Lawrence should be dismissed.

### F. PLAINTIFFS' CLAIMS FOR PROFESSIONAL NEGLIGENCE, NEGLIGENCE AND BREACH OF FIDUCIARY DUTY WITH RESPECT TO 2006 INVESTMENTS ARE TIME-BARRED

Plaintiffs' claims for professional negligence, breach of fiduciary duty and negligence relating to 2006 investments are barred by the applicable statute of limitations. The statute of limitations applicable to a claim for professional negligence is Wy. Stat. § 1-3-107. According to this statute:

> (a) a cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:
>
> > (1) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:
> >
> > > (A) Not reasonably discoverable within the two (2) year period; or
> > >
> > > (B) That the claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

Plaintiffs have not set forth any allegations of fact which would establish that Plaintiffs were unable to discover the nature of their investments within the two year window from November 2006 until November 2008. Accordingly, Plaintiffs' claims for breach of fiduciary duty, negligence and professional negligence with respect to their 2006 investments are stale and fall outside the time period during which Plaintiffs may assert such claims. Therefore, Lawrence respectfully requests that Plaintiffs' claims for professional negligence, negligence and breach of fiduciary duty be dismissed.

### G. PLAINTIFFS HAVE FAILED TO PLEAD A CLAIM FOR NEGLIGENCE AGAINST LAWRENCE

Plaintiffs' Thirteenth claim for relief seeks recovery under a theory of negligence. The four elements of negligence are, "(1) the defendant owed the plaintiff a duty to conform to a specified standard of care; (2) the defendant breached the duty of care; (3) the defendant breached that duty of care proximately causing injury to the plaintiff; and (4) the injuries sustained by the plaintiff is compensable by money damages." *Birt v. Wells Fargo Home Mortgage, Inc.*, 75 P.3d 640, 658 (WY. S.Ct. 2003). Count Thirteen of Plaintiffs' Complaint is utterly devoid of the facts that Plaintiffs allege compose their claim for negligence against Lawrence. (Complaint, ¶¶ 199-202). Plaintiffs have failed to identify the duty owed by any of the Defendants in Plaintiffs claim for negligence, how each Defendant breached that duty of care and how such alleged breach caused the injury to Plaintiff. Accordingly, even under the less stringent standard of Federal Rule of Civil Procedure 8(a), which requires that Plaintiffs at least plead a short statement showing that the complaining party is entitled to relief, Plaintiffs have failed to plead a claim for negligence. Accordingly, Lawrence respectfully requests that this Court dismiss Plaintiffs claim for negligence.

## V. CONCLUSION

Simply stated, Plaintiffs have failed to allege any facts which support any viable cause of action against Lawrence. Accordingly, for the foregoing reasons, Lawrence respectfully requests that this Court dismiss with prejudice Plaintiffs' Complaint in its entirety, and for such other and further relief as this equitable, reasonable and just.

Dated this **24th** day of **August, 2010**.

Respectfully Submitted,

s/ Jeffrey C. Brinkerhoff
Jeffrey C. Brinkerhoff
Wyoming State Bar No. 5-2276
Gifford & Brinkerhoff
243 South Park Street
P.O. Box 2508
Casper, Wyoming 82602
307-265-3265 \ 307-265-3266 fax
jeff@giffordbrinkerhoff.com

David A. Baugh
(Admitted *Pro Hac Vice)*
Illinois State Bar No. 6182391
Baugh, Dalton, Carlson & Ryan, LLC
55 W. Monroe Street, Suite 600
Chicago, Illinois 60603
312-759-1400 \ 312-759-0402 fax
dbaugh@baughdaltonlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **MEMORANDUM OF LAW OF DEFENDANT DENNIS R. LAWRENCE IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** was served electronically via the Court's CM/ECF system to all parties of record on the **24th** day of **August, 2010**.

s/______________________________
Jeffrey C. Brinkerhoff