Jason M. Tangeman
NICHOLAS & TANGEMAN, LLC
170 North Fifth St.
P.O. Box 0928
Laramie, Wyoming   82073-0928
Telephone:     (307) 742-7140
Telecopier:     (307) 742-7160

Charles W. Gameros, Jr., P.C.
(*pro hac vice* pending)
HOGE & GAMEROS, L.L.P.
4514 Cole Ave., Ste. 1500
Dallas, Texas   75205
Telephone:     (214) 765-6002
Telecopier:     (214) 292-8556

Attorneys for Defendant Steve Holmes

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| THE MARTHA W. GIBBS REVOCABLE TRUST, | § | |
| SUSAN GIBBS, SCOTT M. GIBBS, AND | § | |
| JAMES W. GIBBS, TRUSTEES, ET AL., | § | |
| | § | **Civil Action No.** |
| **Plaintiffs,** | § | **10CV0120D** |
| | § | |
| **vs.** | § | |
| | § | |
| DENNIS R. LAWRENCE, ET AL. | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT STEVE HOLMES' MOTION TO DISMISS
## AND BRIEF IN SUPPORT THEREOF

# TABLE OF CONTENTS

Table of Contents ....................................................................................................... ii

Table of Authorities .................................................................................................. iv

Claim Summary .......................................................................................................... 1

Argument and Authorities ........................................................................................ 1

I.     Standards ......................................................................................................... 1

       A.    Dismissal Under Fed. R. Civ. P. 12(b)(2) ............................................... 1

             1.    General Jurisdiction ...................................................................... 3

             2.    Specific Jurisdiction ..................................................................... 3

             3.    Fair Play and Substantial Justice ................................................ 4

       B.    Dismissal Under Fed. R. Civ. P. 12(b)(3) ............................................... 4

       C.    Dismissal Under Fed. R. Civ. P. 12(b)(6) ............................................... 5

II.    The Court Should Dismiss Holmes for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) .............................................................................................. 5

III.   Alternatively, the Court Should Dismiss this Action for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3) and/or Transfer the Case ....................................................... 8

       A.    Venue is Improper Because None of the Statutory Prerequisites are Met .............. 8

             1.    General Venue under § 1391(b) .................................................... 8

             2.    Venue under 15 U.S.C. § 78aa .................................................... 9

             3.    Venue under 15 U.S.C. § 77v .................................................... 10

       B.    Transfer Under 28 U.S.C. § 1404 is Appropriate ................................ 10

IV.    Alternatively, the Court Should Dismiss the Complaint as to Holmes for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) ....................................................... 12

       A.    The First Securities Fraud Count Must Be Dismissed as to Holmes .................... 12

             1.    Plaintiffs failed to allege that Holmes made a misrepresentation or omitted material information ...................................................................... 12

             2.    Plaintiffs failed to plead that Holmes acted with scienter .......................... 14

B.      The Second Securities Fraud Count Must Be Dismissed ......................................15

C.      The Wyoming Securities Act Count Must Be Dismissed....................................16

D.      The Common Law Fraud Count Must Be Dismissed............................................16

E.      The Negligence Count Must Be Dismissed ...........................................................17

F.      The Breach of Fiduciary Duty Count Must Be Dismissed ...................................18

Conclusion ..........................................................................................................................19

Certificate of Service .........................................................................................................20

# TABLE OF AUTHORITIES

**CASES**  **PAGE**

*ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336 (5th Cir. 2002) ...................................16

*Advanced Dynamics Corp. v. Mitech Corp.*, 729 F. Supp. 519 (N. D. Tex. 1990) .......................5

*Basic Inc. v. Levinson,* 485 U.S. 224 (1988).................................................................................15

*Bauchman v. West High Sch.*, 132 F.3d 542 (10th Cir. 1997)........................................................7

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) .........................................7

*Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618 (10th Cir. 1988).........................9

*Benton v. Cameco Corp.*, 375 F.3d 1070 (10th Cir. 2004) .......................................................4, 5

*Brooks v. Zebre*, 792 P.2d 196 (Wyo. 1990) ...............................................................................21

*City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245 (10th Cir. 2001)................................17

*Dobbs v. Chevron U.S.A., Inc.*, 39 F.3d 1064 (10th Cir. 1994) .....................................................2

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008) .....................2, 4

*Ernst & Ernst v. Hochfelder*, 425 U.S. 185 (1976).......................................................................17

*Greenberg v. Crossroads Sys., Inc.*, 364 F.3d 657 (5th Cir. 2004) .............................................15

*Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026 (5th Cir. 1983) ....................................9

*Justin Industs., Inc. v. Choctaw Secs., LP*, 920 F.2d 262 (5th Cir. 1990) ...................................15

*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996)............................................17

*Marchant v. Cook*, 967 P.2d 551 (Wyo. 1998)............................................................................19

*Media v. Four Winds Int'l Corp.*, 111 F. Supp.2d 1164 (D. Wyo. 2000)........................................3

*Moore v. Guthrie*, 438 F.3d 1036 (10th Cir. 2006)........................................................................7

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 143 F.3d 1086 (10th Cir. 1998)....................4, 5

*Palmer Coal & Rock Co. v. Gulf Oil Co.*, 524 F.2d 884 (10th Cir. 1995) ...................................19

*S.E.C. v. Hoover*, 903 F. Supp. 1135 (S.D. Tex. 1995) .........................................................15, 16

*S.E.C. v. Maxxon, Inc.*, 465 F.3d 1174 (10th Cir. 2006)..............................................................15

*Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006)..........................................4

*Shushany v. Allwaste, Inc.*, 992 F.2d 517 (5th Cir. 1993) ...........................................................17

*Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353 (5th Cir. 2004)....................15

*Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)........................................13

*Trujillo v. Williams*, 465 F.3d 1210 (10th Cir. 2006) ....................................................................2

*Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061 (5th Cir. 1994)..........................................16, 17

**STATUTES**                                                                    **PAGE**

15 U.S.C. § 77l(a)(2) ........................................................................................... 1

15 U.S.C. § 77v ............................................................................................7, 12

15 U.S.C. § 78aa .....................................................................................7, 11, 12

15 U.S.C. § 78j(b) ........................................................................................1, 14

17 C.F.R. § 240.10b-5 ..................................................................................1, 14

28 U.S.C. § 1391(b) .....................................................................................6, 10

28 U.S.C. § 1391(b)(1) .....................................................................................11

28 U.S.C. § 1391(b)(2) .....................................................................................11

28 U.S.C. § 1391(b)(3) .....................................................................................11

28 U.S.C. § 1404 .............................................................................................13

28 U.S.C. § 1404(a) ....................................................................................13, 14

WYO. STAT. § 1-3-107 .......................................................................................20

WYO. STAT. § 5-1-107 .........................................................................................7


**RULES**                                                                       **PAGE**

FED. R. CIV. P. 12(b)(2) ..................................................................................1, 7

FED. R. CIV. P. 12(b)(3) ..........................................................................5, 10, 12

FED. R. CIV. P. 12(b)(6) ................................................................................7, 14

FED. R. CIV. P. 9(b) ...................................................................................17, 19

## CLAIM SUMMARY

The factual nexus of Plaintiffs' Amended Complaint and Jury Demand ("Complaint") against Steve Holmes ("Holmes") is that at some point Holmes served as the general counsel for Striker Petroleum, L.L.C. ("Striker") and was named as a "trustee" for certain debentures secured by real property in Texas.[1]  From this basic allegation, Plaintiff asserts six different claims against Holmes, all of which are properly dismissed.   As to Holmes, the Complaint alleges: Count I, Securities Fraud per 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5,[2] Count V, Wyoming Securities Act,[3] Court VI, Texas Securities Act,[4] Count XI, Fraud,[5] Count XIII, Negligence,[6] and Count XIV, Breach of Fiduciary Duty.[7]

If granted, this Motion will dispose of this proceeding as to Holmes.

## ARGUMENT AND AUTHORITIES

### I.   STANDARDS.

#### A.   Dismissal under FED. R. CIV. P. 12(b)(2).

Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists.[8]  In determining whether a

---

[1]   *See* Plaintiffs' Amended Complaint and Jury Demand, filed August 5, 2010 ("Complaint") at ¶ 27.

[2]   *See* Complaint at ¶¶ 103 – 116.

[3]   *See* Complaint at ¶¶ 131 – 146.

[4]   *See* Complaint at ¶¶ 147 – 157.

[5]   *See* Complaint at ¶¶ 185 – 188.

[6]   *See* Complaint at ¶¶ 199 – 202.

[7]   *See* Complaint at ¶¶ 203 – 207.

[8]   *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). ("In conducting our review, we are mindful that plaintiffs bear the burden of establishing personal jurisdiction.  The extent of their burden, and the scope of our appellate review, however, depend in part on the nature of the district court's response to defendants' motion seeking dismissal for lack of personal jurisdiction.  A district court has discretion to resolve such a motion in a variety of ways-including by reference to the complaint and affidavits, a pretrial evidentiary hearing, or sometimes at trial itself.") (citing *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)).

---

federal court has personal jurisdiction over a defendant, the court must determine "(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."[9]  Because the requirements of Wyoming's long-arm statute are coextensive with the requirements of the Due Process Clause, the sole inquiry is whether the district court's exercise of personal jurisdiction over the defendants would be consistent with due process.[10]  The exercise of jurisdiction over a nonresident defendant is proper, under the Due Process Clause, when two requirements have been met: (1) the defendant has established sufficient "minimum contacts" with the forum state,[11] and (2) exercising jurisdiction does not offend "traditional notions of fair play and substantial justice."[12]  The "minimum contacts" prong of the inquiry is further subdivided into contacts that give rise to "general" personal jurisdiction and those that give rise to "specific" personal jurisdiction.

---

[9]      See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006) (citing Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000)).

[10]     See Dobbs v. Chevron U.S.A., Inc., 39 F.3d 1064, 1067 – 1068 (10th Cir. 1994) ("Wyoming's long-arm statute explicitly states that '[a] Wyoming court may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States constitution.' WYO. STAT. § 5-1-107(a).").

[11]     See Dobbs, 39 F.3d at 1068 ("Thus, a defendant must have 'certain minimum contacts' with the forum state to satisfy due process.  Such contacts, if 'continuous and systematic,' confer general jurisdiction and allow the plaintiff to litigate matters occurring outside the forum state.  On the other hand, if a claim arises from a matter occurring within the forum state, less is required and specific jurisdiction exists if the defendant has 'purposefully avail[ed himself] of the privilege of conducting activities within the forum State . . .'  This requirement serves several functions.  It identifies the acts that a defendant would reasonably expect to subject him to jurisdiction in the particular forum, and it ensures that only the defendant's acts involving the forum establish jurisdiction.  It also requires that the effects of the defendant's actions have a significant impact in the forum state.") (citations omitted).

[12]     See Media v. Four Winds Int'l Corp., 111 F. Supp.2d 1164, 1166 (D. Wyo. 2000) ("'The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.''  To stay within due process limitations, a forum has personal jurisdiction only over defendants that have 'certain minimum contacts [with the jurisdiction] ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.''") (citations omitted).

---

### 1.  General Jurisdiction.

"Because general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." [13]

### 2.  Specific Jurisdiction.

The Tenth Circuit has articulated a two-step analysis for the specific jurisdiction inquiry. First, the Court must determine whether the defendant purposefully availed himself of the forum state.[14] "Purposeful direction" is found where:

> Distilling *Calder* [*v. Jones*, 465 U.S. 783 (1984)] to its essence, we thus understand the Court to have found purposeful direction there because of the presence of (a) an intentional action . . ., that was (b) expressly aimed at the forum state . . ., with (c) knowledge that the brunt of the injury would be felt in the forum state.[15]

When personal jurisdiction is based on specific, rather than general jurisdiction, the plaintiff must establish personal jurisdiction over each claim asserted.[16]  Assuming the first prong is

---

[13]     *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1080 (10th Cir. 2004) (citation omitted).

[14]     *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 143 F.3d 1086, 1091 (10th Cir. 1998) ("Our specific jurisdiction inquiry is two-fold.  First, we must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being hauled into court there.'  Within this inquiry we must determine whether the defendant purposefully directed its activities at residents of the forum, and whether the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.'") (citations omitted).

[15]     *See Dudnikov*, 514 F.3d at 1072.

[16]     *See Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 – 275 (5th Cir. 2006) ("We initially consider what appears to be an issue of first impression for our court: Is specific personal jurisdiction a claim-specific inquiry?  We conclude that it is.  A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.  This result flows logically from the distinction between general and specific jurisdiction and is confirmed by the decisions of our sister circuits.  If a defendant does not have enough contacts to justify the exercise of general jurisdiction, the Due Process Clause prohibits the exercise of jurisdiction over any claim that does not arise out of or result from the defendant's forum contacts.") (citations and note omitted).

---

satisfied, the Court must then consider fair play and substantial justice.[17]   If the plaintiff successfully satisfies these requirements, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable.[18]

### 3.      Fair Play and Substantial Justice.

In determining whether exercise of jurisdiction is so unreasonable as to violate fair play and substantial justice, the Court looks to: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies."[19]

### B.      Dismissal Under Fed. R. Civ. P. 12(b)(3).

When an objection to venue has been raised, it is the Plaintiff's burden to establish that venue is proper in the judicial district in which the action has been brought.[20]   Venue in cases not founded solely on diversity is governed by 28 U.S.C. § 1391(b).[21]

---

[17]      *See OMI Holdings, Inc.*, 143 F.3d at 1091 ("Second if the defendant's actions create sufficient minimum contacts, we must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'  This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case.") (citations omitted).

[18]      *See Benton*, 375 F.3d at 1078 ("Although we have found that there are sufficient minimum contacts between Cameco and Colorado, we are also required to 'consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.'  Therefore, we inquire 'whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case.'") (citations omitted).

[19]      *See OMI Holdings, Inc.*, 143 F.3d at 1095 (citation omitted).

[20]      *See, e.g., Advanced Dynamics Corp. v. Mitech Corp.*, 729 F. Supp. 519, 519 (N. D. Tex. 1990).

[21]      *See* 28 U.S.C. § 1391(b) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.").

---

## C.   Dismissal Under FED. R. CIV. P. 12(b)(6).

In deciding whether to dismiss a case for failure to state a claim pursuant to Federal Rule 12(b)(6), the Court conducts a balancing test: "all well-pleaded factual allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party."[22] Conclusory allegations need not and will not be similarly treated, nor will arguments that extend beyond allegations contained in the complaint.[23]   A Rule 12(b)(6) should be granted, however, where the complaint fails to include "enough facts to state a claim to relief that is plausible on its face."[24]   A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[25]

## II.   THE COURT SHOULD DISMISS HOLMES FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2).

The Complaint asserts personal jurisdiction for each Defendant under 15 U.S.C. § 78aa, , 15 U.S.C. §77v and the Wyoming long arm statute, WYO. STAT. 1997 § 5-1-107.[26]   Neither properly grants this Court personal jurisdiction over Holmes as neither general nor specific jurisdiction exists with respect to Holmes.  Fundamental fairness, too, is lacking should this case proceed in Wyoming.  This Court should dismiss this case as to Holmes under FED R. CIV. P. 12(b)(2).

---

[22]     *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) (citation omitted).

[23]     *See Bauchman v. West High Sch.*, 132 F.3d 542, 550 (10th Cir. 1997) ("However, counsel may not overcome pleading deficiencies with arguments that extend beyond the allegations contained in the complaint.  The complaint itself must show Ms. Bauchman is 'entitled to relief' under each claim raised.") (citations omitted).

[24]     *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

[25]     *See Twombly*, 127 S. Ct. at 1965.

[26]     *See* Complaint at ¶ 10; *See also* WYO. STAT. § 5-1-107 ("(a) A Wyoming court may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States constitution.  (b) When the exercise of personal jurisdiction is authorized by this section, service may be made outside this state and proved according to the Wyoming Rules of Civil Procedure or any order of the court.").

---

The Complaint concedes that Holmes is a Texas resident.[27]   The Complaint does not allege that Holmes did anything in Wyoming.[28]

In fact, Holmes:

- has never maintained an office in Wyoming;[29]

- hired employees, agents or servants in Wyoming;[30]

- owned, leased or held a security interest in property in Wyoming;[31]

- opened or maintained a bank account in Wyoming;[32]

- paid or owed any taxes to the State of Wyoming or any of its political subdivisions;[33]

- committed a tort, in whole or in part, in Wyoming;[34]

- engaged in any business in Wyoming;[35]

- maintained a telephone, telecopier, or telex number or any other communications facility in Wyoming;[36]

- been required to maintain, or maintained, a registered agent for service in Wyoming;[37] or

- been a party to any lawsuit in Wyoming, except for this proceeding and two other similar proceedings based on the same basic set of facts.[38]

---

[27]   *See* Complaint at ¶ 27.

[28]   *See generally* Complaint.

[29]   *See* Declaration of Steve Holmes, dated August 25, 2010 (hereafter, "Holmes Declaration"), ¶ 5.

[30]   *See* Holmes Declaration, ¶ 6.

[31]   *See* Holmes Declaration, ¶ 7.

[32]   *See* Holmes Declaration, ¶ 8.

[33]   *See* Holmes Declaration, ¶ 9.

[34]   *See* Holmes Declaration, ¶ 10.

[35]   *See* Holmes Declaration, ¶ 11.

[36]   *See* Holmes Declaration, ¶ 12.

[37]   *See* Holmes Declaration, ¶ 13.

[38]   *See* Holmes Declaration, ¶ 14.

Furthermore, Holmes maintains his residence in Dallas, Texas.[39]   There is, based on the above facts and the lack of allegations in the Complaint, no general jurisdiction over Holmes.

There is no specific jurisdiction either.  It is not clear from the face of the Complaint that Plaintiffs entered into any transaction involving Holmes (in any way) at issue in Wyoming.[40] Even if there was some level of contract performance (by Striker, Holmes' one time, former employer) in Wyoming – like sending checks to Plaintiffs –, Plaintiffs' unilateral activities in Wyoming (here, perhaps investing, but not alleged) do not constitute minimum contacts *for Holmes* where he did not perform any of his obligations in Wyoming, was not required to perform any duty in Wyoming, no security required performance in Wyoming, and the securities themselves are centered outside of Wyoming.[41]   Specifically, of course, the Debentures all relate to real property exclusively in Texas.[42]

---

[39]       *See* Holmes Declaration, ¶ 15.

[40]       Plaintiffs allege that Holmes and other Defendants participated in a conference call with Susan Gibbs, one of the trustees of Plaintiff The Martha Gibbs Revocable Trust, but Plaintiffs do not allege where the conference-call participates were located at the time of the call.  *See* Complaint at ¶ 50.

[41]       *See Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 625 (10th Cir. 1988) ("The Constitution further requires that a defendant's contacts with the forum state be the purposeful activities of that defendant and not the result of activities of others in that state:  'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.  The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' . . . 'This 'purposeful availment' requirement ensures that a defendant will not be hauled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'  Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State.") ( citations omitted); *see also Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1029 (5th Cir. 1983) ("We agree with the district court's conclusion that Alaska Mechanical did not purposefully avail itself of the privilege of conducting business within Texas or invoke the benefits and protections of Texas law.  Although it did agree to purchase goods which it knew were to be manufactured by Hydrokinetics in Texas, no performance by Alaska Mechanical was to take place in Texas, other than perhaps the payment for the goods.  We do not believe that the unilateral activity of Hydrokinetics in Texas satisfies the requirement of contact between Alaska Mechanical and the state of Texas.  Nor do we weigh heavily the fact that Alaska Mechanical may have mailed payment checks into the forum state in exchange for the goods.") (citation and note omitted).

[42]       *See* Holmes Declaration, ¶ 16.

Respectfully, the allegations of the Complaint so lack a factual nexus to establishing jurisdiction in Wyoming over Holmes that it is properly dismissed as to Holmes as he is neither subject to specific nor general jurisdiction in this District nor, indeed, this state.

III.   **ALTERNATIVELY, THE COURT SHOULD DISMISS THIS ACTION FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) AND/OR TRANSFER THE CASE.**

A.   **Venue is Improper Because None of the Statutory Prerequisites are Met.**

Plaintiff's Complaint wholly fails to satisfy either pled venue statute, and dismissal is appropriate as to Holmes.

1.   **General Venue under § 1391(b).**

Governed by 28 U.S.C. § 1391(b), venue can be established in one of three ways:

(1)   a judicial district where any defendant resides, if all defendants reside in the same State;

(2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)   a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.[43]

None of these disjunctive requirements are met.

Holmes is a Texas resident, and Randall Pope, for example, is a Colorado resident[44] so Plaintiffs cannot satisfy § 1391(b)(1).   Because Holmes and Secore & Waller, LLP are both

---

[43]   *See* 28 U.S.C. § 1391(b).

[44]   *See* Complaint at ¶¶ 15 & 27.

residents of Dallas County, Texas,[45] they are subject to jurisdiction in the Northern District of Texas thereby precluding a venue finding under § 1391(b)(3).

Plaintiffs instead must rely on § 1391(b)(2), and this is unavailing. None of Holmes' alleged acts of misconduct occurred in the District of Wyoming, and none of the properties that act as securities for the Debentures are located in Wyoming.[46] Nor do Plaintiffs so allege, and this is critical because § 1391(b)(2) requires either a "substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" to have occurred in this District. Plaintiffs do not allege that Holmes did anything substantial in this District nor does it allege any property at issue is in this District.[47] Lacking these basic pleading prerequisites, dismissal is appropriate as to Holmes under the general venue statute.

## 2.      Venue under 15 U.S.C. § 78aa.

Plaintiffs also plead venue per 15 U.S.C. § 78aa. It reads in part:

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

---

[45]     *See* Complaint at ¶¶ 25 & 28.

[46]     *See generally* Holmes Declaration.

[47]     *See generally* Complaint.

Like Plaintiffs' problems under the general venue provision, Plaintiffs fail to satisfy the venue requirements of 15 U.S.C. § 78aa because Holmes (i) was not served with process in Wyoming;[48] (ii) is not an inhabitant of Wyoming;[49] and (iii) has not transacted business in Wyoming.[50]

### 3.     Venue under 15 U.S.C. § 77v.

Plaintiffs also pled venue per 15 U.S.C. § 77v, which provides, in part:

> Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

Plaintiffs do not satisfy the venue requirements of 15 U.S.C. § 77v because Holms did not participate in the offer or sale of the Striker Debentures.   Moreover, even if Plaintiffs' allegations in the Complaint could be construed as alleging that Homes *did* participate in the offer or sale of the Debentures, Holmes did not do so in Wyoming.

Respectfully, this Court should dismiss the Complaint as to Holmes under FED. R. CIV. P. 12(b)(3).

### B.     Transfer Under 28 U.S.C. § 1404 is Appropriate.

This Court should, if not dismissing the case outright, transfer this case for the convenience of parties per 28 U.S.C. § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

---

[48]      *See* Holmes Declaration, ¶ 3.

[49]      *See* Holmes Declaration, ¶ 15.

[50]      *See* Holmes Declaration, ¶ 11.

As a practical matter, this case could (and should, if at all) have been brought in the Northern District of Texas — where Striker's former employees,[51] the Receiver[52] and some of the Defendants reside.[53]

Once the Court is satisfied that the suit could have been brought in the Northern District of Texas, it should consider: "the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical."[54] These factors uniformly favor transfer to the Northern District of Texas.

In fact, failure to acknowledge convenience for the witnesses has been a basis for reversal for abuse of discretion in the Tenth Circuit.  Significantly, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and should accorded greater weight in a transfer of venue analysis.  Here, the vast majority of the witnesses reside in the Northern District of Texas: Holmes as well as personnel involved in the Striker transactions at issue.[55]  As many of the witnesses in the case reside in the Northern District of Texas, it follows that the relative ease of access to sources of proof, the availability of

---

[51]     *See* Holmes Declaration, ¶ 17.

[52]     *See, e.g.,* Complaint at ¶ 38.

[53]     *See* Complaint at ¶¶ 27 & 29.

[54]     *See Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967) (citation and note omitted).

[55]     *See* Holmes Declaration, ¶ 17.

compulsory process to secure the attendance of witnesses, and the cost of attendance for willing witnesses all favor transfer.

When considering all of these factors, both this Court and the Northern District of Texas are well-equipped to preside over this case.  Favoring the transfer, however, is the fact that Plaintiffs' claims against Holmes in this case lack any meaningful relationship with this District. Transfer is, therefore, warranted under 28 U.S.C. § 1404(a).

## IV.   ALTERNATIVELY, THE COURT SHOULD DISMISS THE COMPLAINT AS TO HOLMES FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6).

The Complaint, aside from lacking proper jurisdictional or venue footing, is defective as a pleading under operative pleading standards and should be dismissed, in part, accordingly.

As a practical matter, Holmes resigned from Striker on February 28, 2007 [56] – three years prior to the filing of this case.

### A.   The First Securities Fraud Count Must Be Dismissed as to Holmes.

At Count I, Plaintiffs allege that Holmes committed securities fraud in violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240b-5.[57]  To establish a 10b-5 violation, Plaintiffs must allege that Holmes committed the following: "(1) a material misrepresentation, (2) in connection with the purchase or sale of a security, (3) scienter, and (4) use of the jurisdictional means."[58]

#### 1.   Plaintiffs failed to allege that Holmes made a misrepresentation or omitted material information.

Material information is information that a reasonable investor would consider important in making an investment decision.[59]  This standard requires a showing of a substantial likelihood

---

[56]    *See* Holmes Declaration, ¶ 4.

[57]    *See* Complaint at ¶¶ 103 – 110.

[58]    *See S.E.C. v. Maxxon, Inc.*, 465 F.3d 1174, 1178 (10th Cir. 2006) (citations omitted).

[59]    *Justin Industs., Inc. v. Choctaw Secs., LP*, 920 F.2d 262, 265 (5th Cir. 1990); *S.E.C. v. Hoover*, 903 F. Supp. 1135, 1140 (S.D. Tex. 1995).

that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of a reasonable investor.[60] Materiality "depends on the significance the reasonable investor would place on the withheld or misrepresented information."[61]

A statement of belief is only open to objection under Securities Exchange Act where evidence shows that the speaker did not in fact hold that belief and the statement made asserted something false or misleading about subject matter.[62] Further, prediction of future earnings and revenues are puffery and not actionable under Rule 10b-5 because they contain no concrete factual or material misrepresentations.[63] "[I]t is well-established that general positive statements about a company's progress are not a basis for liability" because such "statements that are predictive in nature are actionable only if they were false when made."[64]

The Complaint does not specifically identify any representation or omission Holmes made. Even when it complains that Holmes never considered himself a "true trustee,"[65] the Complaint fails to identity any duty that Holmes failed to discharge while he was in that position.

An omission to state a fact is material only if there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information available.[66] First, Plaintiffs do not allege how Holmes' role as a trustee on a deed of trust affected or could have affected their decisions to invest. In fact, they concede that Holmes' identity as trustee was not in their prospectuses.[67]

---

[60] *Id.*

[61] *Basic Inc. v. Levinson,* 485 U.S. 224, 240 (1988).

[62] *Greenberg v. Crossroads Sys., Inc.,* 364 F.3d 657, 670 (5th Cir. 2004).

[63] *Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 371 (5th Cir. 2004).

[64] *ABC Arbitrage Plaintiffs Group v. Tchuruk,* 291 F.3d 336, 359 (5th Cir. 2002).

[65] *See* Complaint at ¶ 37.

[66] *S.E.C. v. Hoover,* 903 F. Supp. 1135, 1140 (S.D. Tex. 1995).

[67] *See* Complaint at ¶ 92.

Accordingly, Plaintiffs fail to allege why omitting this statement is material.   There is no explanation or rational provided for why this omitted statement would have significantly altered the total mix of information available.   Because Plaintiffs did not point to a material misrepresentation, they failed to state a claim for which relief can be granted.

### 2.    Plaintiffs failed to plead that Holmes acted with scienter.

Scienter is a "crucial element" of securities fraud claims.[68]   Scienter must be shown because not every misstatement or omission gives rise to a Rule 10b-5 claim.[69]   Instead there must be "a mental state embracing intent to deceive, manipulate, or defraud."[70]   The scienter element may be satisfied by proof that the defendant acted with severe recklessness, which is "limited to those highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it."[71]   A defendant's omissions or misrepresentations are severely reckless only if they (1) involve an extreme departure from the standards of ordinary care, and (2) present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it.[72]   It is necessary that Plaintiffs "adequately plead scienter to survive a motion to dismiss."[73]

---

[68]    *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

[69]    *Id.*

[70]    *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 n.12 (1976).

[71]    *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993).

[72]    *See City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1260 (10th Cir. 2001).

[73]    *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Further, Plaintiffs cannot survive a Rule 9(b) motion to dismiss on the pleadings by simply alleging that a defendant had a fraudulent intent or was reckless.[74]   Instead, Plaintiffs must set forth specific facts to support an inference of fraud.[75]   Plaintiffs must allege sufficient facts to indicate (1) a defendant's motive to commit securities fraud, or (2) identify circumstances that indicate conscious behavior on the part of the defendant.[76]   They do none of these with respect to Holmes.

Plaintiffs failed to plead their fraud allegations with particularity because they did not state the time, place and contents of the false representations, as well as — critically —what Holmes obtained thereby.   Plaintiffs failed to allege a false representation made by Holmes. They further failed to assert that Holmes had the intent to deceive, manipulate, or defraud. Therefore, Plaintiffs have wholly failed to satisfy the pleading requirement for a section 10(b) or Rule 10b-5 claim and failed to state a claim for which relief can be granted.

Count One, the first securities fraud claim, should be dismissed as to Holmes.

**B.    The Wyoming Securities Act Count Must Be Dismissed.**

At Count V, Plaintiffs allege violation of the Wyoming Securities Act ("WSA").[77] Plaintiffs' only WSA claim against Holmes relates to the Striker Series B-4 Debentures transaction that occurred on June 20, 2008,[78] which was well over a year after Holmes at left Striker.[79]   The Complaint wholly lacks any specific allegations of a fraudulent conduct (as

---

[74]     *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1019 (5th Cir. 1996).

[75]     *Id*. (citing *Tuchman v. DSC Commc'ns Corp*., 14 F.3d 1061, 1068 (5th Cir. 1994)).

[76]     *Id*.

[77]     *See* Complaint at ¶¶ 131 – 146.

[78]     *See* Complaint at ¶ 142.

[79]     *See* Holmes Declaration, ¶ 4.

discussed in more detail above in the context of the Federal securities claims) under the WSA vis-à-vis Holmes and the Series B-4 Debentures transaction.

Count Five, the WSA claim, should be dismissed as to Holmes.

### C.        The Texas Securities Act Count Must be Dismissed.

At Count VI, Plaintiffs allege violation of the Texas Securities Act ("TSA").[80]  As in their claim under the WSA, Plaintiffs' only claim against Holmes under the TSA relates to the Striker Series B-4 Debenture transaction on June 20, 2008.[81]  Again, this transaction occurred over a year after Holmes resigned from Striker.[82]  Also, the Complaint does not contain any specific allegations of a fraudulent conduct (as discussed in more detail above in the context of the Federal securities claims) under the TSA vis-à-vis Holmes and the Series B-4 Debentures transaction.

Count Six, the TSA claim, should be dismissed as to Holmes.

### D.        The Common Law Fraud Count Must Be Dismissed.

At Count XI, Plaintiffs assert common law fraud against Holmes.[83]  Federal Rule of Civil Procedure 9(b) requires that allegations of fraud must be made with particularity as to the circumstances constituting the fraud.[84]  Actionable fraud "is established when a plaintiff demonstrates, by clear and convincing evidence, that (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered

---

[80]        *See* Complaint at ¶¶ 147 – 157.

[81]        *See* Complaint at ¶¶ 132 & 149.

[82]        *See* Holmes Declaration, ¶ 4.

[83]        *See* Complaint at ¶¶ 185 – 188.

[84]        *See* FED. R. CIV. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

damages.[85]   A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made.[86]

Here, of course Plaintiffs fail (i) to allege any statements made by Holmes with the intent to induce Plaintiffs to purchase any securities; or (ii) any reliance on any statement by Holmes; or (iii) any damages flowing from any representation by Holmes.  Even assuming *arguendo* that the independent third party trustee statement was material and made by Holmes, Plaintiffs fail to allege any damages arising from them.  There is simply no allegation that Holmes failed to discharge any required duties as a trustee before he resigned that position (nor is there any allegation that he was not allowed to resign).  Because Plaintiffs fail to make the required particularized allegations of fraud as to Holmes, their claim for fraud against Holmes must be dismissed.

Count Eleven, the common law fraud claim, should be dismissed as to Holmes.

### E.      The Negligence Count Must Be Dismissed.

At Count XIII, Plaintiffs pled a claim of negligence against Holmes.[87]   A negligence claim against Holmes, if allowed to proceed in Wyoming, would be subject to Wyo. Stat. § 1-3-107.[88]   Holmes resigned from Striker on February 28, 2007.[89]   It order to bring a negligence

---

[85]      *See Marchant v. Cook*, 967 P.2d 551, 554 (Wyo. 1998) (citations omitted).

[86]      *See Palmer Coal & Rock Co. v. Gulf Oil Co.*, 524 F.2d 884, 885 n.1 (10th Cir. 1995) *(*"Ordinarily, fraud cannot be predicated on unfulfilled promises or statements concerning future events.  However, a promise to do something in the future, when the other elements of fraud are present, constitutes actionable fraud if at the time of making the statement the promissor has no intention of performing the promise made.").

[87]      *See* Complaint at ¶¶ 199 – 202.

[88]      *See* Wyo. Stat. § 1-3-107 ("(a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times: (i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was: (A) Not reasonably discoverable within a two (2) year period; or (B) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.").

[89]      *See* Holmes Declaration, ¶ 4.

---

claim against Holmes and assuming Holmes was working on his last day at Striker on matters affecting Plaintiffs, Plaintiffs would have had to file suit on or before <u>February 28, 2009.</u> Plaintiffs' negligence claims, given any liberal reading, are time-barred, and they cannot prevail.

Two other fundamental problems doom Plaintiffs' negligence claims. First, there is no duty between Holmes and Plaintiffs. Holmes, serving as general counsel, only owed duties to his client, Striker. Plaintiffs had no relationship with Holmes. The Wyoming Supreme Court has consistently rejected encroachments, like this one, on the attorney-client relationship whereby third-parties try to seek rights from their adversaries' counsel.[90] Specifically, the Wyoming Supreme Court noted no such duties involving transactions between buyers and sellers.[91] Second, none of Plaintiffs' purchases occurred while Holmes was general counsel – in fact every single one of them substantially post-dates his departure.[92]

Count Thirteen, the negligence claim, should be dismissed as to Holmes.

### F.     The Breach of Fiduciary Duty Count Must Be Dismissed.

At Count XIV, Plaintiffs assert a claim of breach of fiduciary duty against Holmes.[93] In support of this claim, Plaintiffs allege that Holmes owed a duty to Plaintiffs because he served as

---

[90]     *See Brooks v. Zebre*, 792 P.2d 196, 201 – 202 (Wyo. 1990) (discussing and rejecting third-party claims for attorney negligence after consideration of multiple jurisdictions' case law).

[91]     *See Brooks*, 792 P.2d at 201 ("Cases which apparently have followed the balancing rule articulated *Biakanja v. Irving*, 49 Cal.2d 647, 320 P.2d 16 (1958), are distinguishable because the facts in those instances assume a third-party beneficiary whom the client clearly intended to favor by employing the services of the attorney. Even so, not all jurisdictions have opted to follow the suggestion of *Biakanja. See, e.g., Simon v. Zipperstein,* 32 Ohio St.3d 74, 512 N.E.2d 636 (1987). The rule with respect to attorneys representing buyers of real property is that no duty is owed to a seller. *Fox v. Pollack,* 181 Cal.App.3d 954, 226 Cal.Rptr. 532 (1986); *Clause v. Manuel,* 442 So.2d 905 (La.App.1983), *cert. denied* 448 So.2d 106 (La.1984). Cases from a number of jurisdictions invoking the rule of privity are cited in Annotation, *Attorney's Liability, to One Other Than Immediate Client, for Negligence in Connection with Legal Duties,* 61 A.L.R. 4th 615 (1988), § 8 at 634. In the same Annotation, § 9 at 645, authorities are cited establishing the proposition that no cause of action for negligence exists against an attorney for an adversary.").

[92]     *Compare* Complaint at ¶¶ 45 – 46 *with* Holmes Declaration, ¶ 4.

[93]     *See* Complaint at ¶¶ 203 – 207.

---

the "independent third party trustee" for the Striker Debenture holders.[94]   As with their fraud claim, Plaintiffs fail to allege any specific damages arising from Holmes' alleged failure to fulfill his duty as trustee.   Instead, Plaintiffs make only generalized allegations of Holmes' trustee duties and breaches of those duties.[95]   Plaintiffs also do not allege how Holmes' role as a trustee on a deed of trust affected or could have affected their decisions to invest.   In fact, they concede that Holmes' identify as trustee was not in their prospectuses.[96]   Moreover, Holmes resigned from Striker in February 2007, over fifteen months *before* Plaintiffs purchased the Striker Debentures in June of 2008.

Count Fourteen, the breach of fiduciary duty claim, should be dismissed as to Holmes.

## CONCLUSION

Plaintiffs fail to establish any cognizable basis to assert jurisdiction over Holmes that comports with any sense of due process.   Plaintiffs' stated venue basis falls short of the mark expressly required by either statute pled.   Looking past all of Plaintiffs' jurisdictional and venue short comings, all of Plaintiffs' claims *against Holmes* should be dismissed outright for failure to state a claim.

Accordingly, Holmes prays that this case be dismissed *in toto* as to him.   If not, he prays it be transferred to the Northern District of Texas where jurisdiction and venue properly lie. Defendant Holmes prays for all other and further relief to which he may be justly entitled.

DATED this 25th day of August, 2010.

---

[94]        *See* Complaint at ¶ 204.

[95]        *See* Complaint at ¶¶ 203 – 207.

[96]        *See* Complaint at ¶ 92.

_____/s/ Jason M. Tangeman_____

Jason M. Tangeman
NICHOLAS & TANGEMAN, LLC
170 North Fifth St.
P.O. Box 0928
Laramie, Wyoming   82073-0928
Telephone:          (307) 742-7140
Telecopier:         (307) 742-7160

&

Charles W. Gameros, Jr., P.C.
(pro hac vice pending)
HOGE & GAMEROS, L.L.P.
4514 Cole Ave., Ste. 1500
Dallas, Texas   75205
Telephone:          (214) 765-6002
Telecopier:         (214) 292-8556

**ATTORNEYS FOR DEFENDANT
STEVE HOLMES**

## CERTIFICATE OF SERVICE

Subject to the provisions of FED. R. CIV. P. 5(b)(3), the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under FED. R. CIV. P. 5(b)(2)(D) as to all Filing Users in a case assigned to the court's Electronic Case Filing System.

| | |
|---|---|
| Kim D. Cannon, Esq.<br>Davis & Cannon, L.L.P.<br>40 South Main<br>Sheridan, WY 82801<br>Attorney for Plaintiff | J. Mark Stewart, Esq.<br>Davis & Cannon, L.L.P.<br>422 West 26th Street<br>Cheyenne, WY 82003<br>Attorney for Plaintiff |
| John A. Hutchings, Esq.<br>Dill Dill Carr Stonebreaker & Hutchings, PC<br>455 Sherman Street, Suite 300<br>Denver, CO 80203<br>Attorney for Plaintiff | Jeffrey C. Brinkerhoff, Esq.<br>Gifford & Brinkerhoff<br>243 South Park Street<br>P.O. Box 2508<br>Casper, WY 82602<br>Attorney for Dennis Lawrence, Agricultural Income & Planning Associates, LLC |
| Mark W. Gifford, Esq.<br>Gifford & Brinkerhoff<br>243 South Park Street<br>P.O. Box 2508<br>Casper, WY 82602<br>Attorney for Dennis Lawrence, Agricultural Income & Planning Associates, LLC | David A Baugh<br>Baugh Dalton Carlson & Ryan, LLC<br>55 West Monroe Street, Suite 600<br>Chicago, IL 60603<br>Attorney for Dennis Lawrence, Agricultural Income & Planning Associates, LLC |
| Traci L. Van Pelt<br>McConnell Fleischner Houghtaling & Craigmile<br>4700 S. Syracuse Street, Suite 200<br>Denver, CO 80237<br>Attorney for Secore & Waller, LLP | Michael T. McConnell<br>McConnell Fleischner Houghtaling & Craigmile<br>4700 S. Syracuse Street, Suite 200<br>Denver, CO 80237<br>Attorney for Secore & Waller, LLP |
| Charles W. Gameros, Jr. Esq.<br>Hoge & Gameros, LLP<br>4514 Cole Avenue, Suite 1500<br>Dallas, TX 72205<br>Attorney for Steve Holmes | Jared C. Lockwood<br>McConnell Fleischner Houghtaling & Craigmile<br>4700 S. Syracuse Street, Suite 200<br>Denver, CO 80237<br>Attorney for Secore & Waller, LLP |

/s/ Jason M. Tangeman
Jason M. Tangeman