Rick L. Koehmstedt
**SCHWARTZ, BON, WALKER & STUDER, LLC**
141 S. Center, Suite 500
Casper, WY  82601
Tel: (307) 235-6681
Fax: (307) 234-5099
E-mail: rick@schwartzbon.com

Thomas N. FitzGibbon (*Admitted Pro Hac Vice*)
Kimberly L. Thigpen (*Admitted Pro Hac Vice*)
**PFEIFFER THIGPEN FITZGIBBON & ZIONTZ LLP**
233 Wilshire Boulevard, Suite 220
Santa Monica, California 90401
Tel: (310) 451-5800
Fax: (310) 496-3175
E-mail: tnf@ptflaw.com
E-mail: klt@ptflaw.com

Attorneys for Defendants
*TIC Capital Markets, Inc.; Direct Capital Securities, Inc.*
*Clay Womack, Pacific Security Income Partners LP*
*and Pacific Security Group, Inc*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| THE MARTHA W. GIBBS REVOCABLE TRUST, SUSAN GIBBS, SCOTT M. GIBBS, AND JAMES W. GIBBS, TRUSTEES; et al. | CASE NO.: 10-CV-0120-D |
| Plaintiffs, | |
| v. | |
| DENNIS R. LAWRENCE; et al. | |
| Defendants. | |

**MOTION OF DEFENDANTS DIRECT CAPITAL SECURITIES, INC., TIC CAPITAL MARKETS, INC., CLAY WOMACK, PACIFIC SECURITY INCOME PARTNERS LP AND PACIFIC SECURITY GROUP, INC. TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM FOR RELIEF**

Defendants Direct Capital Securities, Inc. ("**DCS**"), TIC Capital Markets, Inc. ("**TICCM**"), Clay Womack ("**Womack**"), Pacific Security Income Partners LP ("**PSIP**") and Pacific Security Group, Inc. ("**PSG**") (collectively the "**Broker Defendants**") by and through their attorneys respectfully move this Court to dismiss claims One, Two, Six, Eleven, Twelve and Thirteen of the First Amended Complaint ("**Complaint**") of Plaintiffs The Martha W. Gibbs Revocable Trust, Susan Gibbs, Scott M. Gibbs, and James W. Gibbs, Trustees (the "**Gibbs Trust**"); and Alida D. Talmage Trust FBO Martha Gibbs, Susan Gibbs, Scott M. Gibbs, Trustees (the "**Talmage Trust**") (collectively "**Gibbs**" or "**Plaintiffs**") for failure to state a claim upon which relief can be granted pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. [1]/ The Broker Defendants also respectfully request that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over any state law claims alleged against them that are not dismissed.

Although Plaintiffs' Complaint looks like the others in these consolidated cases before the Court, as to the Broker Defendants it is very different because (1) none of the Plaintiffs was actually a purchaser of any securities associated with DCS, namely the Series B debentures (the "**Series B Debenture**s") offered by Striker Petroleum, LLC, and (2) no person associated with the purchase of the Series B Debentures alleges they received, let alone read or relied on the Private Placement Memorandum ("**PPM**") for such offering.  Accordingly, no claims of any kind are stated as against the Broker Defendants by Plaintiffs because (1) there was no purchase of a security by any Plaintiff and therefore they lack standing, *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 749, 95 S. Ct. 1917 (1975)(holding that only "a purchaser or seller of

---

[1]/   The first step in assessing any claims against the Broker Defendants is to determine whether personal jurisdiction exists pursuant under Rule 12(b)(2) and governing Tenth Circuit authority, *Peay v. BellSouth Medical Assistance Plan,* 205 F.3d 1206 (10th Cir. 2000).  Under *Peay,* this Court lacks personal jurisdiction over TICCM, PSG and PSIP. That issue is being addressed separately by those Defendants in their Motion to Dismiss under Rule 12(b)(2) for lack of personal jurisdiction.  Without consenting to this Court's personal jurisdiction over them, and subject to its jurisdictional motion, those three Defendants join with Womack and DCS and move to dismiss all claims against them under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

securities has standing to bring an action under Section 10(b) and Rule 10b-5"), and (2) there was no actual reliance or transaction causation.

The Complaint generally alleges that both Trusts bought various investment securities due to the fraud and improper conduct of Defendant Lawrence and that the two Trusts suffered a loss as a result. DCS is only alleged to be involved in one of the investments, the Striker Series B Debentures. Although the Complaint makes the conclusory allegation that the Talmage Trust purchased these Series B Debentures, (Compl. ¶ 34), the actual facts alleged make it clear that the Talmage Trust was NOT the purchaser and that it was an entity known as Indian Plains, LLC, which is not a party to the case. (Compl. ¶¶ 4, 44, 55) The Complaint alleges that Defendant Lawrence was the trustee for the Talmage Trust and that he made the investment decision based on phone calls with executives at Striker (Steve Holmes) and with Mr. Pope, (Compl. ¶¶ 50-53), as well his own knowledge. There is no allegation that he read or relied on the Series B PPM,[2]/ let alone the fact that DCS disseminated it, which reliance would be inconsistent with Plaintiffs' allegations in all these cases that Lawrence was a wrongdoer who knew that the Striker offerings were fraudulent. Further, John Gibbs signed the subscription documents for the purchase by Indian Plains, LLC and there is no allegation that he read, reviewed or relied on the Series B PPM. (Compl. ¶ 61) In short, all the claims against the Broker Defendants in this case are based on one purchase of debentures (a) by a stranger to the case, and (b) in which DCS was not actually alleged to be involved or associated in any way. Thus, no claims have been stated, whether for securities fraud or otherwise.

Assuming there were a proper plaintiff and that such plaintiff actually read and relied on the Series B PPM disseminated (but not authored) by DCS, there is still no claim for securities fraud stated. The substance of the Complaint as against DCS is the allegation that it was responsible for alleged misrepresentations and material omissions in the Series B Private Placement Memorandum prepared by Striker because it allegedly did insufficient due diligence— and that had it done sufficient due diligence it would have uncovered the alleged Ponzi scheme

---

[2]/    The Complaint alleges that one of the Gibbs children, Martha Gibbs, who had no investment authority and was not alleged to be involved with any purchase of any security, had a copy of the PPM for Striker Series A Debentures.

and that the Talmage Trust would not then have made the investment into Indian Plains which would not have purchased the Striker Debentures. (Compl. ¶ 84.) The sufficiency of these allegations under Section 10(b) and Rule 10b-5 are challenged in detail in the Motion to Dismiss by the Broker Defendants with respect to the Fieldgrove Complaint and that argument will be incorporated by reference in the Memorandum supporting this Motion. In particular, the facts alleged do not show a strong inference of scienter on the part of DCS because (1) it applies an improper hindsight standard, (2) it seeks to demonstrate scienter though an inability to predict future malfeasance, (3) does not show corporate scienter because no facts show that any person at DCS acted with scienter, (4) does not allege that the false statements were attributed to DCS. Further, there is no loss causation alleged.

The result must be the same for the state law claims in Claims Six, Eleven, Twelve and Thirteen because (1) there is no proper plaintiff and (2) if reliance on the PPM was not alleged to cause Lawrence and/or John Gibbs to make the investment into the Series B Debentures for Indian Plains, it cannot be the causal link as to any damage as to fraud, negligence or conspiracy (assuming that claim for relief even exists). No claim is stated under the Texas securities laws because there is no covered purchase of securities, nor does the Complaint allege there are any material misrepresentations made by DCS.

As to Claim Two, for control person liability, Defendants Womack, TICCM, PSG and PSIP (collectively the "**Control Defendants**") cannot have liability based on the actions of DCS if it is not liable. (*See* Compl. ¶¶ 120-21.)[3] Further, there are insufficient facts alleged to show they were actually control persons.

In support of this Motion, Broker Defendants are contemporaneously filing (1) a Memorandum in Support, and (2) a Proposed Findings of Fact and Conclusions of Law. The Broker Defendants also respectfully request that the Court consider and incorporate by reference (a) the arguments in the Motion to Dismiss the Fieldgrove First Amended Complaint

---

[3] Womack is named as a Defendant in the negligence claim, but there are no factual allegations of any kind directed as to Womack, just the boilerplate elements of negligence that are insufficient under *Iqbal*. (Compl. ¶¶ 200-02.)

-5-

and the supporting Memorandum, and (b) the Request for Judicial Notice filed in the Fieldgrove case, each of which are being incorporated by reference rather than re-filed to avoid duplication.

Based on the foregoing, Defendants Direct Capital Securities, Inc., TIC Capital Markets, Inc., Clay Womack, Pacific Security Income Partners LP and Pacific Security Group, Inc. (to the extent they are not dismissed for lack of personal jurisdiction) respectfully request that this Court enter an Order dismissing the Gibbs Complaint as against them with prejudice and for such other and further relief as this Court deems proper.

DATED this 17th day of September, 2010.

Rick L. Koehmstedt
**SCHWARTZ, BON, WALKER & STUDER, LLC**

/s/
Rick L. Koehmstedt

Thomas N. FitzGibbon
**PFEIFFER THIGPEN FITZGIBBON & ZIONTZ LLP**

Thomas N. FitzGibbon

-6-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document entitled **MOTION OF DEFENDANTS DIRECT CAPITAL SECURITIES, INC., TIC CAPITAL MARKETS, INC., CLAY WOMACK, PACIFIC SECURITY INCOME PARTNERS LP AND PACIFIC SECURITY GROUP, INC. TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM FOR RELIEF** has been e-filed and thereby served electronically via the Court's CM/ECF system in accordance with Federal Rule of Civil Procedure 5(b) on September 18, 2010.

_____
Thomas N. FitzGibbon