Kim D. Cannon, Wyo. Bar #5-1401
J. Mark Stewart, Wyo. Bar #6-4121
Davis & Cannon, LLP
P.O. Box 43
Cheyenne, WY 82003
Telephone:     (307) 634-3210 Case No. 10CV0120D

Facsimile:     (307) 778-7118
cannon@davisandcannon.com
mark@davisandcannonchey.com
*Attorneys for Plaintiffs*

John A. Hutchings, Pro Hac Vice
Dill Dill Carr Stonbraker & Hutchings, P.C.
455 Sherman Street, Suite 300
Denver, CO 80203
Telephone:     (303)777-3737
Facsimile:     (303) 777-3823
Jhutchings@dillanddill.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| THE MARTHA W. GIBBS REVOCABLE TRUST, SUSAN GIBBS, SCOTT M. GIBBS, AND JAMES W. GIBBS, TRUSTEES; et al.<br><br>         Plaintiffs,<br>v.<br><br><br>DENNIS R. LAWRENCE; et al.<br><br>         Defendants. | Case No. 10CV0120D |

**GIBBS TRUST'S RESPONSE TO MOTION TO DISMISS SECORE & WALLER, LLP PURSUANT TO FED.R.CIV.P. 12(b)(2)**

The Martha W. Gibbs Revocable Trust, Susan Gibbs, Scott M. Gibbs, and James W.

Gibbs, Trustees (the "Gibbs Trust") has brought five claims for relief against Secore & Waller,

1

LLP ("Secore & Waller") which are:

1. First Claim for Relief for violation of 15 U.S.C. 78j(b) ("Section 10(b)") and 17 C.F.R. § 240.10b-5 ("Rule 10b-5");

2. Fifth Claim for Relief for violation of W.S. § 17-4-122(a)(ii);

3. Sixth Claim for Relief for violation of Vernon's Ann., Tex. Civ. St., Art. 581-33F(2) ("Section 33F(2)");

4. Eleventh Claim for Relief for common law fraud; and

5. Thirteenth Claim for Relief for negligence.

The Gibbs Trust has brought a claim for relief pursuant to Section 33F(2) of the Texas Securities Act. The Plaintiffs in the *Naomi L. Miles Revocable Trust, Naomi L. Miles Trustee, et al v. Dennis R. Lawrence, et al,* Case No. 10-cv-0034-D (the *Miles* case) have not brought this claim. Otherwise the claims of the Gibbs Trust are identical to the claims of the Plaintiffs in the *Miles* case against Secore & Waller.

Secore & Waller has moved to dismiss all of the Gibbs Trust's claims against it pursuant to Fed.R.Civ.P. 12(b)(2), asserting that this Court lacks personal jurisdiction over Secore & Waller (Doc. 51). Secore & Waller has filed a separate Motion to Dismiss Defendant Secore & Waller, LLP pursuant to Fed.R.Civ.P. 8(a), 9(b), and 12(b)(6) (Doc. 58) as well as Defendant Secore & Waller's Motion to Stay Proceedings and to Compel Arbitration and Memo in Support (Doc. 55). The Gibbs Trust is filing separate Responses to each of the foregoing Secore & Waller Motions.

The Gibbs Trust has alleged subject matter jurisdiction of this Court over this action pursuant to 15 U.S.C. § 78aa, 15 U.S.C. § 1331 (Federal Question Jurisdiction), and 28 U.S.C. §

1367 (Supplemental Jurisdiction for State Law Claims) (Amended Complaint, ¶ 9). Secore & Waller does not contest the subject matter jurisdiction of this Court.

In the related *Miles* case Secore & Waller moved to dismiss Plaintiffs' claims pursuant to Defendant Secore & Waller, LLP's Fed.R.Civ.P. 12(b)(2) Motion to Dismiss and supporting Brief (*Miles* Doc. 72). Secore & Waller's Motion to Dismiss in the *Miles* case included an Affidavit of Joan Waller (*Miles* Doc. 72-2) together with certain exhibits attached to the Affidavit of Joan Waller and to Secore & Waller's Motion. This Motion was filed May 7, 2010. On August 25, 2010, Secore & Waller filed, in the *Miles* case, the following:

1. Defendant Secore & Waller's Motion to Stay Proceedings and Compel Arbitration and Memo in Support (*Miles* Doc. 108);

2. Motion to Dismiss Defendant Secore & Waller, LLP Pursuant to Fed.R.Civ.P. 8(a), 9(b), and 12(b)(6) (*Miles* Doc. 109);

3. Defendant Secore & Waller, LLP's Memorandum in Support of its Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (*Miles* Doc. 110).

On May 27, 2010, in the *Miles* case, Plaintiffs filed Plaintiffs' Response to Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) of Secore & Waller, LLP (*Miles* Doc. 91). Concurrent with the filing of the Gibbs Trust's Response to Motion to Dismiss of Secore & Waller, LLP pursuant to Fed.R.Civ.P. 12(b)(2) in this case, the Gibbs Trust is responding to Secore & Waller's Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 58). and Secore & Waller's Motion to Stay Proceedings and Compel Arbitration (Doc. 55) filed in this case. Plaintiffs in the *Miles* case are also concurrently responding to Secore & Waller's Motion to Dismiss pursuant to Rule 12(b)(6) (*Miles* Doc. 110) and Secore & Waller's Motion to Stay

Proceedings and Compel Arbitration (*Miles* Doc. 108).

On August 19, 2010 this Court entered an Order Consolidating Cases for Purposes of Discovery in this case, the *Miles* case, and the case of *Russell Fieldgrove, et al v. Dennis R. Lawrence, et al*, Case No. 10-cv-0104-D, United States District Court for the District of Wyoming (the "*Fieldgrove* case") (Doc. 43, *Fieldgrove* Doc. 35, *Miles* Doc. 107). On July 28, 2010, immediately following a Telephonic Status Conference, Minutes of the Status Conference were entered in the docket in each of this case, the *Miles* case, and the *Fieldgrove* case (Doc. 37, *Fieldgrove* Doc. 28, *Miles* Doc. 104). Pursuant to the Minutes of the Telephonic Status Conference in all three cases, the Court advised that the parties may adopt and incorporate by reference motions or portions thereof filed in any of the related cases into pleadings filed in any other related case.

The allegations against Secore & Waller in the *Miles* case are substantially similar to the allegations against Secore & Waller in the present case. In summary, these allegations are as follows:

1. The *Miles* Complaint, ¶ 28 and *Gibbs* Amended Complaint, ¶ 29 allege that Secore & Waller prepared Private Placement Memoranda for most, if not all, of the offerings conducted by Provident Royalties, LLC ("Provident"), that Joan Conway Waller of Secore & Waller was the incorporator of Shale Royalties 12, Inc. and that between September of 2006 and January of 2009, Provident conducted an ongoing series of 21 offerings all nearly identical in form and substance.

2. The *Miles* Complaint, ¶¶ 40 through 44 and the *Gibbs* Amended Complaint, ¶¶ 39 through 43, specifically describe Provident's fraudulent Ponzi Scheme.

3. The *Miles* Complaint, ¶¶ 61, 62, 83, 98, and 99 and the *Gibbs* Amended Complaint, ¶¶ 46 and 63 specifically identify the purchase by the Plaintiffs in each of the cases of preferred stock in Shale Royalties 4, Inc. and Shale Royalties 12, Inc. in the *Miles* case, and Shale Royalties 12, Inc. in the *Gibbs* case.

4. The *Miles* Complaint, ¶¶ 121 through 125 and the *Gibbs* Amended Complaint, ¶¶ 98 through 102 allege that: (1) Secore & Waller drafted most, if not all, of all the private placement memoranda of the Provident offerings; (2) Secore & Waller knew that the private placement memoranda were being distributed nationwide to numerous investors; (3) Secore & Waller owed a duty to those who would foreseeably rely upon the private placement memoranda in making significant investment decisions; (4) Secore & Waller owed a duty to conduct a reasonable and prudent due diligence investigation into the accuracy of the information contained in the private placement memoranda; (5) Secore & Waller owed a duty to disclose material facts to those persons who would foreseeably rely upon the private placement memoranda in making significant investment decisions and failed to disclose material facts; (6) Secore & Waller either knew or was reckless in not knowing that there were no audited financial statements for the entity involved in the offering in each of the *Miles* and *Gibbs* cases or historical financial statements on preceding offerings; (7) Secore & Waller knew or was reckless in not knowing and disclosing the risks of the lack of audited financial statements of prior offerings of Provident, the comingling of money, the improper use of funds, and the possible operation of a fraudulent Ponzi scheme; (8) that as competent transactional securities attorneys, Secore & Waller failed to recognize clear warnings and red flags of the existence of the fraudulent Ponzi scheme; and (9) Secore & Waller was both an integral part of the fraudulent

Ponzi scheme and aided and abetted the fraudulent Ponzi scheme.

5. The *Miles* Complaint, ¶¶ 144 through 146 and *Gibbs* Complaint, ¶¶ 111 through 114, alleged violation of Section 10(b) and of Rule 10b-5(a)(b) and (c) and the manner in which Secore & Waller violated both Section 10(b) and Rule 10b-5.

Secore & Waller's Rule 12(b)(2) Motion in the present case is virtually a restatement of its Rule 12(b)(2) Motion in the *Miles* case. In the present case, Secore & Waller's Rule 12(b)(2) Motion adds a discussion of the applicable tests for personal jurisdiction in diversity cases which utilized a state's long arm statute as the basis for personal jurisdiction. The other addition to Secore & Waller's 12(b)(2) Motion in the present case is an attempt to minimize the substantial and significant contact that Secore & Waller has had with the State of Wyoming over an approximate 13 year period. Neither of these additions alters the conclusion that under the facts of this case and the applicable legal authority, this Court has personal jurisdiction over Secore & Waller in both the *Miles* case and this case.

As mentioned above, Secore & Waller adds a discussion of the applicable legal standard when a Court considers whether personal jurisdiction exists in a diversity case which utilizes a state's long arm statute for determining the existence of personal jurisdiction over a defendant. The argument advanced by Secore & Waller, is irrelevant to a determination of personal jurisdiction over Secore & Waller in the present case because personal jurisdiction in the present case is based upon 15 U.S.C. § 78aa. Thus, as acknowledged by Secore & Waller in both the *Miles* case and its Memorandum in the present case, personal jurisdiction is not determined in the Wyoming long arm statute provisions or Fourteenth Amendment due process requirements, *Piper Acceptance Corp. v. Slaughter*, 600 F.Supp. 169, 171 (D. Colo. 1985) but is subject to the

due process clause of the Fifth Amendment. *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 1000). Although the due process notion of fairness contained within both the Fifth Amendment and Fourteenth Amendment are similar, the basis upon which the Court determines whether the exercise of personal jurisdiction over a defendant is fair and reasonable under the Fourteenth Amendment and the Fifth Amendment have significant differences. Furthermore, Secore & Waller's assertion that the minimum contact rule or principle as applied in a Fourteenth Amendment analysis is equally applied to a Fifth Amendment analysis is simply incorrect.

The other addition to Secore & Waller's 12(b)(2) Memorandum in this case is an elongated recitation of the Affidavit of Joan Conway Waller filed in this case (Doc. 52-1) and then an attempt to characterize as a mere "formality" Form D filings made by Secore & Waller in the State of Wyoming which assisted in the sale of $1,240,000 of fraudulent Ponzi scheme investments to 15 Wyoming residents. This is presumably in response to the Affidavit of J. Mark Stewart with attached Exhibits A, B, C, and D (*Miles* Doc. 93-2, 93-3, 93-4, 93-5, and 93-6) and the Affidavit of Kimberlene Wakefield and attached Exhibits A through J (*Miles* Doc. 93-7 through 93-17). Although Secore & Waller admits that it drafted the Notice of Sale of Securities pursuant to Regulation D, Section 4(6) and/or Uniform Limited Offering Exemption ("Form D"), drafted and signed the cover letter transmitting the Form D's, wrote the check to file the Form D's, and actually transmitted the cover letter, the Form D's, and the check for filing to the Secretary of State, because the Form D's were signed by a "director of Shale Royalties" Secore & Waller claims it did not "file" the Form D's and therefore has insufficient "contact" with the State of Wyoming for personal jurisdiction purposes (Affidavit of Joan Conway Waller,

7

¶ 23). Secore & Waller conveniently chooses to ignore the fact that between August 20, 1997 and April 23, 2010 it made 32 separate filings for the offering of securities by various issuers in the State of Wyoming, 12 of which were made on behalf of Provident entities, issuers who engaged in the fraudulent Ponzi scheme which ensnared the Gibbs Trust and the Plaintiffs in the *Miles* case.

Secore & Waller does not contest that the Form D's which it filed in the State of Wyoming, as well as in numerous other states and with the United States Securities and Exchange Commission, were necessary to purportedly exempt from the registration requirements of federal and state securities laws, the securities sold by the Provident entities, including those purchased by the Gibbs Trust and the Plaintiffs in the *Miles* case. The avoidance of registration is significant because registration of securities under federal and state securities laws would have required an audited financial statement (17 C.F.R. § 210.3-01 *et seq.*, promulgated under 15 U.S.C. § 77g) of not only the entity whose securities were being offered at the time, but of previous offerings which would have easily revealed at an early stage the fraudulent Ponzi scheme. The filing of the Form D's was not a mere "formality" but was a significant act and a material part of the perpetuation of the fraudulent Ponzi scheme which purported to permit the sale of $1,240,000 of investments in Wyoming of Provident's fraudulent Ponzi scheme including those to the Gibbs Trust and the Plaintiffs in the *Miles* case.

In support of its 12(b)(2) Motion to Dismiss in the present case, Secore & Waller filed an Affidavit of Joan Conway Waller (Doc. 52-1) which is virtually identical to the Affidavit of Joan Waller filed in support of Secore & Waller's 12(b)(2) Motion in the *Miles* case (*Miles* Doc. 72-2). Except as specifically noted above, the arguments advanced by Secore & Waller in support

8

of its 12(b)(2) Motion in this case are identical to the arguments of Secore & Waller in its 12(b)(2) Motion in the *Miles* case. Accordingly, rather than restating the Plaintiffs' Response to Secore & Waller's Rule 12(b)(2) Motion in the *Miles* case in this Response, and as authorized by the Court, Plaintiffs hereby adopt and incorporate by reference to this Response, as if fully set forth herein, the following from the *Miles* case:

1. Plaintiffs' Response to Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) of Secore & Waller, LLP (*Miles* Doc. 91 and *Miles* Doc. 91-2).

2. Plaintiffs' Request for Judicial Notice in Support of Plaintiffs' Response to the Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) of Secore & Waller, LLP (*Miles* Doc. 93 through *Miles* Doc. 93-17).

Just as Secore & Waller has not established that this Court's assertion of personal jurisdiction over it arises to the level of constitutionally significant inconvenience or that its liberty interests have been infringed in the *Miles* case, it has not established that this Court's assertion of personal jurisdiction over it in this case arises to the level of constitutionally significant inconvenience or that its liberty interests have been infringed. Secore & Waller only makes conclusory assertions that it would be severely inconvenienced by having to defend this case in Wyoming (Affidavit of Joan Conway Wallace, ¶¶ 33 and 36), that discovery and proceedings will take place in Wyoming and thus it would be "expensive and burdensome" to Secore & Waller (Affidavit of Joan Conway Wallace, ¶ 35), and that all discovery is likely to occur in Wyoming (which is not true) (Affidavit of Joan Conway Wallace, ¶ 36). In this regard, there are five other Defendants located in the State of Texas and thus it is anticipated a significant amount of discovery will occur in Texas. These five other Defendants are Direct

Capital Securities, Inc., TIC Capital Markets, Inc., Clay Harriss Womack, Pacific Security Income Partners, LP, and Pacific Security Group, Inc.

There is no case which has held that a conclusory allegation of inconvenience and an assertion that the defendant will be required to travel and incur expense rises to the level of constitutionally significant inconvenience. Noteworthy, because of the interstate nature of this case, all parties, including the Plaintiffs, are going to have to travel to some extent no matter where this case is heard. The present forum is no more inconvenient than any other would be. Secore & Waller has failed to meet its burden and its Motion should be denied. Importantly, the federal policies of the securities laws, and relationship between the nationwide service of process provisions of 15 U.S.C. § 78aa, and the advancement of the policies of the securities laws and the connection between the exercise of jurisdiction in this forum as the Gibbs Trusts' vindication of its federal rights, together with concerns of judicial efficiency and economy, all compel a conclusion that this Court should exercise personal jurisdiction over Secore & Waller. For the foregoing reasons, Secore & Waller's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(2) should be denied.

Respectfully submitted this 1st day of October, 2010.

DAVIS & CANNON, LLP

By: *s/*_____
J. Mark Stewart
422 West 26th Street
P.O. Box 43
Cheyenne, WY 82003
Telephone:    (307) 634-3210
Facsimile:    (307) 778-7118
mark@davisandcannonchey.com

          Kim D. Cannon
          DAVIS & CANNON, LLP
          40 South Main
          P.O. Box 728
          Sheridan, WY 82801
          Telephone:   (307) 672-7491
          Facsimile:   (307) 672-8955
          cannon@davisandcannon.com

          John A Hutchings (*pro hac vice*)
          DILL DILL CARR STONBRAKER
            & HUTCHINGS, P.C.
          455 Sherman Street, Suite 300
          Denver, CO 80203
          Phone:   (303)777-3737
          Facsimile:   (303) 777-3823
          jhutchings@dillanddill.com

          Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing on the 1st day of October, 2010 to the following:

Jeffrey C Brinkerhoff
Mark W. Gifford
Gifford & Brinkerhoff
jeff@giffordbrinkerhoff.com
mark@giffordbrinkerhoff.com

David A. Baugh
BAUGH DALTON CARLSON & RYAN, LLC
dbaugh@baughdaltonlaw.com

Rick L. Koehmstedt
SCHWARTZ, BON, WALKER
   & STRUDER, LLC
rick@schwartzbon.com

Thomas N. Fitzgibbon
Kimberly L. Thigpen
Pfeiffer Thigpen FitzGibbon & Ziontz LLP
tnf@ptflaw.com
klt@ptflaw.com

K Lawson Pedigo
Miller Keffer Bullock & Pedigo
KLPedigo@mkp-law.net

Thomas N Long
Long Reimer Winegard
tlong@lrw-law.com

Jason Tangeman
Anthony Nicholas Goodrich & Tangeman
jtangeman@wyolegal.com

Charles W. Gameros, Jr.
Hoge & Gameros
bgameros@legaltexas.com

Michael T. McConnell
Jared C. Lockwood
Traci L. Van Pelt
McConnell Fleischner Houghtaling & Craigmile, LLC
mmcconnell@mfhc.com
jlockwood@mfhc.com
tvanpelt@mfhc.com

                                                            *s/*_____